# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JACQUELINE L. BURTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-CV-51 NAB |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Jacqueline Burts' application for supplemental security income under the Social Security Act, 42 U.S.C. § 416 *et seq.* Burts alleged disability due to injury to reflex sympathetic dystrophy issues, leg spasms, leg issues, anxiety, ankle instability, pain through spine into left shoulder, arthritis, poor circulation, nerve damage, and depression. (Tr. 223.) The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcripts and the medical evidence. The Court heard oral argument in this matter on July 10, 2017. For the reasons set forth below, the Court will affirm the Commissioner's final decision.

## I. Issues for Review

Burts presents one issue for review.[1] She asserts that the administrative law judge (ALJ) erred in his evaluation of the opinion of her treating physician; therefore, the ALJ's decision is not supported by substantial evidence and should be reversed. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## II. Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the

---

[1] Plaintiff's attorney attempted to assert a credibility issue for review during oral argument. Because Plaintiff did not present the credibility issue in her written brief, the court will not consider it.

evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physician;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

**III.    Discussion**

Burts contends that the ALJ erred in giving little weight to the medical source statement provided by her treating physician, Dr. Eric Kondro. Burts asserts that the ALJ formed his own opinion regarding the medical evidence in this case. Burts states that Dr. Kondro's opinion should have been given substantial weight, because he treated her for three years and no other medical source treated her for a comparable period of time.

The administrative record indicates that Dr. Kondro treated Burts between September 2011 and April 2015, approximately every three months. (Tr. 313-22, 349-417, 456-58, 484-

3

503, 517-26.) Dr. Kondro's notes indicate that Burts received treatment for the following conditions: reflex sympathetic dystrophy[2] of the right lower extremity, generalized anxiety disorder, insomnia, depression, anemia, Vitamin B12 deficiency, Vitamin D deficiency, chronic pain syndrome, and other more minor or routine ailments. (Tr. 313-22, 349-417, 456-58, 484-503, 517-26.) While many of the physical examinations indicated full muscle strength and range of motion in all of Burts' extremities, there was noticeable tenderness to palpation and edema present in most of the examinations regarding her right lower extremity. Dr. Kondro noted that Burts had a failed neurostimulator trial. (Tr. 318.) Burts regularly reported pain with increased activity.

On September 3, 2014, Dr. Kondro completed a medical source statement regarding Burts' treatment. (Tr. 456-58.) Dr. Kondro diagnosed Burts with chronic pain syndrome and characterized her prognosis as "poor." (Tr. 456.) He indicated that her impairments could be expected to last at least 12 months and that depression and anxiety affected her physical condition. (Tr. 456.) Dr. Kondro opined that Burts could walk less than one city block without rest or severe pain, sit or stand for 15 minutes at a time and less than two hours in an 8 hour work day with normal breaks. (Tr. 457.) He also opined that she must walk around every 15 minutes for 15 minutes during an 8 hour work day. (Tr. 457.) He opined that she would need to take unscheduled breaks every 2 hours for 15 minutes and sit quietly. (Tr. 457.) He indicated that she would need to shift positions at will from sitting, standing, and walking. (Tr. 457.) He also opined that she would need to elevate her feet above heart level during 50% of the workday. (Tr. 457.) Further, Dr. Kondro indicated that Burts is unable to lift and carry over 10 pounds and can

---

[2] Reflex sympathetic dystrophy (RSD), more commonly known as complex regional pain syndrome (CRPS), is a "chronic pain syndrome of uncertain pathogenesis, usually affecting an extremity, and characterized by intense burning pain, changes in skin color and texture, increased skin temperature and sensitivity, sweating, and edema." Dorland's Illustrated Medical Dictionary 1826 (32nd ed. 2012). RSD known as Type 1 "often follows tissue injury, but without demonstrable nerve injury, and may be accompanied by posttraumatic osteoporosis." *Id.*

4

rarely do so. (Tr. 458.) He found that she could never twist, stoop, crouch, squat, climb ladders, or climb stairs. (Tr. 458.) He found that she must avoid even moderate exposure to extreme cold, extreme heat, high humidity, or wetness. (Tr. 458.) He opined that it was not possible for Burts to keep a regular work schedule and maintain punctual attendance. (Tr. 458.) Finally, he opined that Burts would likely be absent from work more than 3 times per month as a result of her impairments.

The ALJ gave little weight to Dr. Kondro's September 2014 opinion, because the opinion did not include a narrative explanation of the limitations assessed, it was not supported by the reference to the objective medical evidence, and it was not consistent with the record as a whole. (Tr. 22.)

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, and what the claimant can still do despite her impairments and her physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2)[3]. All medical opinions, whether by treating or consultative examiners are weighed based on (1) whether the provider examined the claimant; (2) whether the provider is a treating source; (3) length of treatment relationship and frequency of examination, including nature and extent of the treatment relationship; (4) supportability of opinion with medical signs, laboratory findings, and explanation; (5) consistency with the record as a whole; (6) specialization; and (7) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c). Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's opinion "does not

---

[3] Many Social Security regulations were amended effective March 27, 2017. Per 20 C.F.R. § 404.1527, the court will use the regulations in effect at the time that this claim was filed.

automatically control or obviate the need to evaluate the record as a whole." *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c); SSR 96-2p; *see also Hacker*, 459 F.3d at 937. "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000).

While the Court agrees that the longevity of Dr. Kondro's treatment was an important factor, it was not the only factor that should be considered in evaluation of his opinion. Dr. Kondro's medical source statement contained very severe limitations, which were not supported by the record as a whole, including his own treatment notes. Burts asserts that the ALJ should have requested additional information or clarification if he did not find value in the opinion, but Dr. Kondro submitted all of his treatment records and a medical source statement.

The ALJ is not required to contact a treating physician whenever the ALJ rejects that opinion. *See Hacker*, 459 F.3d at 938. The ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Jones v. Astrue*, 619 F.3d 963, 969 (8th Cir. 2010) (quoting *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004)). Lack of medical evidence to support a certain doctor's opinion does not constitute an undeveloped issue. *Martise v. Astrue,* 641 F.3d 909, 927 (8th Cir. 2011). Because Dr. Kondro's treatment records were complete, the ALJ was not required to re-contact Dr. Kondro for additional information. The ALJ's opinion indicates that he carefully weighed the objective medical tests, the consultative examination reports, Dr. Kondro's treatment notes and opinion,

and the other evidence in the record. The Court finds no error in the ALJ's assessment of Dr. Kondro's September 2014 opinion.

## IV. Conclusion

The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only enough that a reasonable person would find it adequate to support the decision, and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 992-93 (8th Cir. 2014). The Court cannot reverse merely because substantial evidence also exists that would support a contrary outcome, or because the court would have decided the case differently. *Id.*

"As is true in many disability cases, there is no doubt that [Burts] is experiencing pain." *Perkins v. Astrue*, 648 F.3d 892, 901 (8th Cir. 2011). "While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may cause pain or discomfort does not mandate a finding of disability." *Perkins*, 648 F.3d at 900. A review of the record as a whole demonstrates that Burts had some restrictions in her functioning and ability to perform work related activities during the relevant time period, however, she did not carry her burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). Therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 26.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 10th day of July, 2017.

                                                    /s/ Nannette A. Baker
                                                  NANNETTE A. BAKER
                                                  UNITED STATES MAGISTRATE JUDGE